UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,                                      DECISION
                          Plaintiff,                               and
        v.                                                                                       ORDER

COUNTRY GOURMET FOODS, LLC,                       08-CV-561S(F)
CAMPBELL SOUP COMPANY,
                       Defendants.
_____

APPEARANCES:           HISCOCK & BARCLAY, LLP
                               Attorneys for the Plaintiff
                               FRANK V. BALON, of Counsel
                               1100 M&T Center
                               Three Fountain Plaza
                               Buffalo, New York    14203

                               BUCHANAN INGERSOLL & ROONEY, PC
                               Attorneys for Defendant Country Gourmet Foods, LLC
                               PETER S. RUSS, of Counsel
                               301 Grant Street
                               One Oxford Centre - 20th Floor
                               Pittsburgh, Pennsylvania    15219

                               GOODWIN PROCTOR, LLP
                               Attorneys for Defendant Campbell Soup Company
                               FOREST A. HAINLINE, III, of Counsel
                               Three Embarcadero Center
                               San Francisco, California    64111

                               PHILLIPS LYTLE, LLP
                               Attorneys for Defendant Campbell Soup Company
                               PAUL F. JONES, of Counsel
                               3400 HSBC Center
                               Buffalo, New York    14203

## JURISDICTION

This action was referred to the undersigned by Hon. William M. Skretny on

September 18, 2008 for entry of a scheduling order and all non-dispositive pretrial

matters.  It is presently before the court on Plaintiff's motion, filed February 16, 2010 (Doc. No. 112) to amend the Amended Scheduling Order ("Plaintiff's motion").

## BACKGROUND AND FACTS[1]

In this action seeking damages for breach of a requirements contract and tortious interference, the court, following a scheduling conference with the parties conducted on November 13, 2008, pursuant to Fed.R.Civ.P. 16(b) ("Rule 16(b)"), entered a Scheduling Order which, as relevant to Plaintiff's motion, directed the case proceed to mediation pursuant to the court's ADR Plan, established February 27, 2009 as the cut-off date for filing motions to amend the pleadings or add parties, called for completion of fact discovery by September 30, 2009, and set dates for expert disclosures and filing of any dispositive motions by February 26, 2010 (Doc. No. 25) ("the Scheduling Order").  The Scheduling Order also directed that the initial mediation session in accordance with the ADR Plan be conducted not later than January 28, 2009.  *Id.*  The record indicates that the initial mediation was not conducted until March 18, 2009 but does reveal which party (or the mediator) requested the postponement of the initial mediation (Doc. No. 62).  However, on March 17, 2009, Defendant Campbell Soup Company filed its motion seeking summary judgment contending that Defendant Country Gourmet's right to cancel its supply contract with Plaintiff barred Plaintiff's claims against Defendant Campbell Soup Company (Doc. No. 39).  The mediation was unsuccessful and, in response to Defendant Campbell Soup Company's summary

---

[1] Taken from the pleadings and papers filed in the instant matter.

judgment motion, Plaintiff served discovery requests and filed its opposition to the summary judgment motion on April 28, 2009 (Doc. Nos. 57 - 59), contending, *inter alia*, that Plaintiff had had an insufficient opportunity to conduct fact discovery necessary to oppose summary judgment.

While Defendant Campbell Soup Company's summary judgment motion was pending before District Judge Skretny, Defendants moved on June 22, 2009, to stay discovery pending the court's disposition of the summary judgment motion (Doc. No. 77). Thereafter, on September 30, 2009, this court, before whom it was returnable based on Judge Skretny's referral order, denied the motion (Doc. No. 93) ("the D&O"). Defendant Campbell Soup Company did not appeal the D&O and on January 11, 2010, Defendant Campbell Soup Company withdrew the summary judgment motion (Doc. No.109). By order filed September 30,2009, the court modified, at the request of the parties, the Scheduling Order extending the discovery completion date to December 31, 2009, and scheduling a discovery status conference for January 13, 2010 (Doc. No. 95) ("Amended Scheduling Order"). On October 29, 2009, the court also resolved Plaintiff's motion to compel and Defendants' motion for a protective order (Doc. No. 107). On November 5, 2009, the court approved for filing a letter request by Jordan D. Weiss, Esq., Counsel for Defendant Campbell Soup Company, modifying, at the request of the parties, the Amended Scheduling Order by extending discovery completion to February 28, 2010 with a discovery status conference scheduled for March 17, 2010 (Doc. No. 108).

Plaintiff's motion requests new dates for filing motions to amend or add parties,

by which to conclude fact discovery and file motions to compel discovery, for making expert disclosures, and filing dispositive motions (Doc. No. 112). Except for Plaintiff's request to be granted a fresh opportunity to move to amend or add, Defendants do not object to Plaintiff's proposed amended scheduling order dates (Doc. No. 113 at 1-3) (Defendant Campbell Soup Company); (Doc. No. 115 at 1) ("Defendant County Gourmet") ("Defendants").

However, Defendants object strenuously to Plaintiff's attempt to reopen the period for adding parties or claims (Doc. Nos. 113 and 115). Defendants' objections are based on Plaintiff's failure to timely commence fact discovery after filing the action, Plaintiff's failure to establish good cause for the proposed enlargement well-after the initial cut-off date of February 27, 2009, and Defendants' assertion that such requested enlargement would effect significant prejudice to Defendants. *Id.*

In support, Plaintiff states that as a result of the depositions of key Defendant employees, not conducted until December 2009, Plaintiff has learned that it may have grounds for suit against a business entity involved in the underlying transactions at issue which is, at present, a non-party (Doc. No. 112 at 2). Plaintiff indicates it expects to conduct a deposition of this non-party during February 2010. *Id.* Additionally, Plaintiff asserts that as a result of a deposition of Country Gourmet's chief executive officer, conducted in December 2009, Plaintiff has uncovered additional grounds to support its present breach of contract claim against Country Gourmet, and under Plaintiff's successor liability theory as pleaded, against Defendant Campbell Soup Company as well. *Id.*

Plaintiff also notes, Doc. No. 114 at 2, that while Defendant Campbell Soup Company's motion to stay was under consideration, at Defendants' request, the court also stayed the depositions of Defendants' key executive officers pending a determination of Defendants' motion for a protective order directed to such depositions (Doc. No. 92). The court resolved, by Decision and Order, Defendants' protective order request on November 5, 2009 (Doc. No. 107) ("D&O 11/5/09"). As noted, in compliance with the court's direction, D&O 11/5/09 at 5, Plaintiff scheduled and conducted the disputed depositions in December 2009 (Doc. No. 114 at 2).

In support of Plaintiff's motion, Plaintiff further states that Defendant Campbell Soup Company served, on November 30, 2009, Supplemental Document production consisting of 2,011 pages and, again, on December 2, 2009, of an additional 213 pages. Doc. No. 114 at 2-3. Subsequent to the depositions of Defendants' key executives in December 2009, Defendant Campbell Soup Company, as Plaintiff states, served a further supplemental document response of 375 pages. *Id.* According to Plaintiff, these supplemental disclosures provide grounds for Plaintiff's proposed amended complaint against Defendants and to add a non-party, Wolfgang Puck Worldwide, Inc. ("Wolfgang Puck") of which Plaintiff was unaware prior to its receipt of such document production. *Id.* at 3.

Finally, Plaintiff contends that seeking to add Wolfgang Puck will not entail significant amounts of additional discovery and that as Defendants have already become well-aware of this possibility, as well as the additional ground Plaintiff may interpose in support of its breach of contract claim, Defendants cannot credibly assert

5

undue surprise or significant prejudice as a result of such potential amendments. *Id.* at 3-4.

As Defendants point out, (Doc. No. 113), in order to amend a scheduling order, Rule 16(b) requires a showing of good cause, *i.e.*, that despite the moving party's diligence, the deadline established could not have been reasonably met. *Mendez v. Barlow*, 2008 WL 2039499, at **2-3 (W.D.N.Y. May 12, 2008) (citing *Carnrite v. Grenada Hospital Group*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997). Here, Plaintiff deferred commencing discovery until after the initial mediation session which was not scheduled to take place until approximately six weeks after the date established in the Scheduling Order and without court approval. Upon being confronted, on the eve of mediation, with Defendant Campbell Soup Company's summary judgment motion, Plaintiff unsurprisingly commenced discovery against both Defendants and non-parties. A substantial amount of such discovery, however, particularly depositions of key defense witnesses, was postponed at Defendants' request based on Defendants' motion for summary judgment and a protective order. Indeed, by its motion to stay, Defendant Campbell Soup Company sought to defer any discovery until after filing Defendant Campbell Soup Company's summary judgment motion believing that such motion was likely to succeed without the need for any fact discovery by Plaintiff. As noted, based on the court's denial of Defendant Campbell Soup Company's request for a stay of discovery, this supposition proved incorrect and Defendant Campbell Soup Company withdrew its summary judgment motion.

Following disposition of Defendant Campbell Soup Company's motion seeking to

6

terminate the litigation without depositions of Defendants' key executives with knowledge of the business relationship and Defendants' conduct at issue, Plaintiff's discovery efforts have proceeded diligently and effectively, as evidenced by Plaintiff's success in conducting depositions of Defendants key executives in December 2009 and Defendants' belated service of substantial amounts of document production. Whether Plaintiff should have commenced discovery prior to the initial mediation which was postponed, without explanation on the record, by approximately six weeks past the Scheduling Order's deadline of January 28, 2009, is not controlling as the court found such delay by Plaintiff was excused by Plaintiff's preparation for mediation during that period. D&O at 24. Given that Defendants' answers were not filed until September 15, 2008 (Doc. Nos. 13 and 14), and that the Rule 16(b) conference was conducted November 13, 2008, the court finds that, taken as a whole Plaintiff's failure to seek discovery until after the March 18, 2009 mediation session was not dilatory. Moreover, given Defendant Campbell Soup's apparent intention to prepare and file its summary judgment motion prior to the mediation, it is probable Defendants would have sought to defer discovery pending the intended summary judgment motion regardless of when filed. These considerations severely undermine Defendants' contention in opposition to Plaintiff's motion that Plaintiff's initiation and conduct of discovery was unduly tardy. On this record, any substantial delay in completing discovery prior to February 2010, was primarily the result of Defendants' motions to stay and for a protective order, not Plaintiff's dilatoriness. As such, it cannot be found that Plaintiff lacks good cause for the requested relief.

## CONCLUSION

Based on the foregoing, Plaintiff's motion is GRANTED. A Third Amended Scheduling Order will be filed contemporaneously with this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: February 24, 2010
Buffalo, New York