UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,                                                      **DECISION**
                           Plaintiff,                                       **and**
        v.                                                                **ORDER**

COUNTRY GOURMET FOODS, LLC,                           08-CV-561S(F)
CAMPBELL SOUP COMPANY,
                        Defendants.
_____

APPEARANCES:          HISCOCK & BARCLAY, LLP
                                   Attorneys for the Plaintiff
                                   FRANK V. BALON, and
                                   BRIAN G. MANKA, of Counsel
                                   1100 M&T Center
                                   Three Fountain Plaza
                                   Buffalo, New York   14203

                                   BUCHANAN INGERSOLL & ROONEY, PC
                                   Attorneys for Defendant Country Gourmet Foods, LLC
                                   PETER S. RUSS, of Counsel
                                   301 Grant Street
                                   One Oxford Centre - 20th Floor
                                   Pittsburgh, Pennsylvania   15219

                                   GOODWIN PROCTOR, LLP
                                   Attorneys for Defendant Campbell Soup Company
                                   FORREST A. HAINLINE, III, and
                                   SUSANNE N. GERAGHTY, of Counsel
                                   Three Embarcadero Center
                                   San Francisco, California   64111

                                   GOODWIN PROCTOR, LLP
                                   Attorneys for Defendant Campbell Soup Company
                                   JORDAN D. WEISS, of Counsel
                                   620 Eighth Avenue
                                   New York, New York   10018

                                   PHILLIPS LYTLE, LLP
                                   Attorneys for Defendant Campbell Soup Company
                                   PAUL F. JONES, of Counsel
                                   3400 HSBC Center
                                   Buffalo, New York   14203

## JURISDICTION

This case was referred to the undersigned for all pretrial matters by Hon. William M. Skretny on September 18, 2008 (Doc. No. 17). The matter is presently before the court on Defendant Campbell Soup Company's ("Campbell") motion to compel Plaintiff Steuben Foods, Inc. ("Steuben" or "Plaintiff") to produce documents responsive to Defendant Campbell's document requests and for sanctions based on Plaintiff's alleged spoliation filed April 9, 2010 (Doc. No. 140) ("Campbell's motion").

## BACKGROUND

At oral argument conducted on Campbell's motion on May 20, 2010, the court resolved Campbell's document requests which were the subject of Campbell's motion on the record and reserved decision on Campbell's request for sanctions based on spoliation. (Doc. No. 177).

## FACTS[1]

Plaintiff has alleged that Defendant Country Gourmet ("Country Gourmet") breached an exclusive supply contract with Plaintiff ("the Processing Agreement") when Country Gourmet sold its assets, excluding the Processing Agreement as a Country Gourmet asset, to Defendant Campbell and that Campbell was guilty of intentional interference with contract and is equally liable for Country Gourmet's breach of the Processing Agreement under theories of successor liability or fraudulent transfer.

---

[1] Taken from the papers and pleadings filed in this action.

Campbell's basis for the instant motion is that Plaintiff failed to institute a written litigation hold directing all Plaintiff employees not to destroy electronically stored information ("ESI") pertaining to the instant litigation, and related document preservation procedures at the earliest time when it became aware of the likelihood of future litigation against Country Gourmet and Campbell.  Memorandum of Points and Authorities in Support of Defendant Campbell Soup Company's Motion to Compel Disclosure and For Other Relief (Doc. No. 141) ("Campbell's Memorandum) at 10-11.  As a result, according to Campbell, relevant documents were not produced by Plaintiff and should be presumed lost thereby warranting sanctions based on spoliation of evidence against Plaintiff.  Campbell's Reply Memorandum (Doc. No. 165) at 1 ("Additional documents and emails may have been destroyed."); Supplemental Briefing in Support of Defendant Campbell Soup Company's Motion for Sanctions Based on Steuben's Spoliation of Documents (Doc. No. 179) ("Campbell's Supplemental Brief") at 8 ("rebuttable presumption that . . . additional unknown documents were destroyed").

Campbell points to the Declaration of Thomas M. Krol ("Krol"), then Plaintiff's corporate counsel, dated and filed May 10, 2010 (Doc. No. 156) ("Krol Declaration"), as demonstrating that the litigation hold implemented by Plaintiff was accomplished orally through conversations between Krol and senior management officers of Plaintiff, particularly Kenneth Schlossberg, President ("Schlossberg"), and Jeffrey Sokal, Vice President of Business Development ("Sokal"), as well as six other managers and officers of Plaintiff.  Krol Declaration ¶¶ 23-24.  According to Krol, each of these managers was personally directed by him to identify all ESI including paper documents and email communications pertaining to Country Gourmet or Campbell, and not to

discard or delete or otherwise destroy such documents pending the instant litigation which was instituted by Plaintiff on July 31, 2008.  *Id.* ¶¶ 26-27.

Campbell relies primarily on three emails, dated June 24, 2008 ("June 24, 2008 email"), May 28, 2008 ("May 28, 2008 email") and June 17, 2008 ("June 17, 2008 email"), the first two sent by Plaintiff to Campbell with copies to Country Gourmet that were received by Campbell from Plaintiff, but not produced by Plaintiff, as supporting Campbell's contention that as a result of Krol's delayed and unwritten litigation hold, and other alleged document preservation failures on the part of Plaintiff, documents relevant to Campbell's defense were lost.  Jordan D. Weiss Declaration (Doc. No. 142) Exh. N.

With regard to the June 24, 2008 email, Campbell contends that Plaintiff alleges that during a June 23, 2008 face-to-face meeting between Schlossberg and Mr. Patrick Ozimek ("Ozimek"), Campbell's director of North American contract manufacturing, Campbell threatened Plaintiff that unless Plaintiff agreed to modifications of the Processing Agreement acceptable to Campbell, the Processing Agreement would be excluded from Campbell's prospective acquisition of Country Gourmet's assets, thereby effectively ending Plaintiff's production activities for Country Gourmet and, as well, eliminating any opportunity for Plaintiff to benefit from Campbell's takeover of Country Gourmet's business assets through expanded marketing of Country Gourmet's products that had been produced by Plaintiff.  Because the June 24, 2008 email describes the meeting as "good, open and frank," such language, according to Campbell, negates Plaintiff's allegation that Campbell engaged in threatening conduct at the meeting.  Based on Plaintiff's failure to produce the June 24, 2008 email,

Campbell asserts that the court should find that the email was not preserved and "allowed to disappear" for lack of a timely written litigation hold by Plaintiff because the email provided exculpatory evidence contradictory to a key allegation in Plaintiff's complaint. Campbell's Memorandum at 12.

Campbell also points to another email from Sokal to Michael McGrath, Country Gourmet's president and CEO ("McGrath") on May 28, 2008, confirming a telephone conference call between McGrath and Sokal, and advising McGrath that Schlossberg desired to participate in the call. According to Campbell, this document was produced by Country Gourmet but not produced by Plaintiff thus providing a ground upon which to infer that as a result of Krol's tardy and unwritten litigation hold, relevant documents in Plaintiff's possession were likely, or should be presumed to have been, lost or destroyed. Supplemental Briefing in Support of Defendant Campbell Soup Company's Motion for Sanctions Based on Steuben's Spoliation of Documents (Doc. No. 179) ("Campbell's Supplemental Briefing") at 7; Supplemental Declaration of Jordan D. Weiss, Esq. (Doc. No. 180, Exh. C). Finally, Campbell points to a copy of an internal email from Sokal to Ms. Cassandra Brannick, Schlossberg's assistant ("Brannick"), dated June 17, 2008 referring to Ozimek as originally being from the Buffalo, New York area, indicating that Ozimek's parents still reside in the area, and that it was "just a matter of time before he [Ozimek] called," along with a related message from Brannick advising Sokal that Brannick had scheduled a phone call for Schlossberg and McGrath for June 18, 2008. Exh. B to Weiss Reply Declaration (Doc. No. 166); Campbell Reply Memorandum (Doc. No. 165) at 5-6.

Spoliation is "the destruction or the significant alteration of evidence, or the

failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 789 (2d Cir. 1999) (quoting BLACK'S LAW DICTIONARY, 1401 (6th ed. 1990)). "A party bringing a spoliation motion must demonstrate that: (1) the party charged with destroying the evidence had an obligation to preserve it; (2) the records were destroyed with a 'culpable state of mind'; and (3) the destroyed evidence was relevant to the party's claim or defense." *Piccone v. Town of Webster,* 2010 WL 3516581, at *5 (W.D.N.Y. Sep't. 3, 2010) (absent a showing that destroyed emails constituted relevant evidence spoliation sanctions not imposed (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir. 2002) (citing *Byrnie v. Town of Cromwell*, *Bd. of Educ.,* 243 F.3d 93, 107-12 (2d Cir. 2001)))). A litigant's duty to preserve relevant evidence arises when litigation is reasonably anticipated and no later than the time when the complaint is served. *Fujitsu Ltd. v. Federal Exp. Corp.,* 247 F.3d 423, 436 (2d Cir.), *cert. denied*, 534 U.S. 891 (2001); *Pension Committee of the University of Montreal Pension Plan v. Banc of America Securities, LLC,* 685 F.Supp.2d 456, 466 (S.D.N.Y. 2010) ("*Pension Committee*"); *Turner v. Hudson Transit Lines, Inc.,* 142 F.R.D. 68, 73 (S.D.N.Y. 1991).

Courts have found that actual destruction or loss of relevant documents is a prerequisite for sanctions based on spoliation. *See Crown Castle USA, Inc. v. Nudd Corporation,* 2010 WL 1286366, at *12-13 (W.D.N.Y. Mar. 31, 2010) (destruction of electronic documents and emails involving key employee pursuant to plaintiff's document retention policy and not available in electronic backup form because of a party's failure to implement a timely litigation hold notice to such employee supported

imposing costs of redeposition of witness to attempt to reconstruct lost information)*;* *Passlogix, Inc. v. 2FA Technology, LLC*., 708 F.Supp.2d 378, 417 (S.D.N.Y. 2010) (finding defendant's deletion of at least 12 emails and 91 text messages constituted culpable spoliation of relevant evidence warranting fine); *Scalera v. Electrograph Systems, Inc.*, 262 F.R.D. 162, 178 (E.D.N.Y. 2009) (concluding that defendant's preservation failures resulted in loss of "some electronic data," however, denying plaintiff's spoliation motion for failure to establish that lost email records "would have been favorable to plaintiff"); *Chan v. Triple 8 Palace, Inc.,* 2005 WL 1925579, at *5 (Aug. 11, 2005 S.D.N.Y.) (granting sanctions upon finding in a Fair Labor Standards Act action based on defendant's admitted destruction of money receipt book and tip distribution sheets as relevant evidence); *Thiele v. Oddy's Auto and Marine, Inc. v. Fountain Power Boats, Inc.,* 906 F.Supp.158, 162 (W.D.N.Y. 1995) (granting, in part, spoliation motion based on destruction of boat prior to co-defendant's opportunity to inspect).  "'[F]or sanctions to be appropriate, it is a necessary, but insufficient, condition that the sought-after evidence *actually existed and was destroyed*,'" *Orbit One Communications, Inc. v. Numerex Corp*., 271 F.R.D. 429, 441 (S.D.N.Y. 2010) (quoting *Farella v. City of New York*, 2007 WL 193867, at *2 (S.D.N.Y. Jan. 27, 2007) (emphasis in original))). *Compare Fujitsu Limited,* 247 F.3d at 436 (denying spoliation motion based on defendant's failure to demonstrate that plaintiff's destruction of relevant container and contents constituted "an intentional attempt to destroy evidence"); *Orbit One Communications, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 442-43 (S.D.N.Y. 2010) (finding no evidence of actual loss of emails and other electronically stored documents as a result of plaintiff's faulty preservation actions); *Piccone*, 2010 WL 3516581, at *7

(emails, without relevance to issues, destroyed after duty to preserve arose do not support spoliation finding); *Davis v. Speechworks International, Inc.*, 2005 WL 1206894, at *4 (W.D.N.Y. May 20, 2005) (unexplained loss of boxes of evidence under plaintiff's control found insufficient to sustain defendant's burden to establish plaintiff acted culpably or that defendant was unable to obtain the relevant documents from other sources). Additionally, parties seeking spoliation sanctions must establish the destroyed evidence was relevant in that the lost evidence would allow a reasonable jury to find the evidence probative of the party's claims. *Orbit One*, 271 F.R.D. at 439-40 (citing cases).

By contrast, in this case, the record fails to reveal any evidence that Plaintiff was responsible for the destruction or loss of any relevant evidence. For example, the June 24, 2008 Schlossberg email to Ozimek, upon which Campbell relies in support of its spoliation request, was not initially produced because it was destroyed; rather, according to Plaintiff, the email was inadvertently overlooked and thus not identified or produced to Campbell until May 10, 2010. Declaration of Frank V. Balon, Esq. (Doc. No. 182) ¶ 26. Campbell does not contest this statement. Further, on its face, the text of the email is not inconsistent with Plaintiff's allegation that Campbell threatened Plaintiff. Even belligerents continue to use words of diplomacy to describe their communications – "good, open and frank" – in a continuing effort to avoid conflict prior to the outbreak of actual hostilities. Thus, even if Plaintiff's copy of this email had been lost because of Plaintiff's document preservation oversights, the court finds the email fails to constitute relevant evidence critical to Campbell's defense. Similarly, as Plaintiff points out, Campbell's reliance on Plaintiff's failure to produce a copy of the May 28,

2008 Sokal email to McGrath indicating Schlossberg wished to be included in a telephone conference call also fails to support Campbell's motion. *Id.* ¶ 28. Specifically, Campbell does not explain how such a communication is relevant, *i.e.*, inconsistent with Plaintiff's allegations or supportive of Campbell's defenses, to the instant action. In the court's view, advising Country Gourmet that Schlossberg should be included in the scheduled conversation is not probative of any of Plaintiff's claims against either Defendant or Campbell's defenses and Campbell has failed to explain otherwise. Nor is there any apparent relevance to the emails between Sokal and Brannick regarding Sokal's recent contact with Ozimek and Brannick's scheduling of a telephone conference call between Sokal and Ozimek.[2]

Campbell's reliance on *Pension Committee* for a contrary finding is misplaced. In *Pension Committee*, the court determined that because plaintiffs in that case had a fiduciary duty to investigate defendants as an investment, records "documenting the due diligence," "surely must have existed," but that the "paucity" of plaintiff's produced records "leads inexorably to the conclusion that relevant records have been lost or destroyed." *Pension Committee*, 685 F.Supp.2d at 476. No such inference is available on this record. Plaintiff has produced nearly 12,000 pages of documents responsive to Campbell's requests, Declaration of Frank V. Balon, (Doc. No. 82) ("Balon Declaration") ¶ 31, and Campbell points to nothing in either Schlossberg's or Sokal's depositions

---

[2] Although Campbell asserts that Plaintiff's deficient responses on such issues as the negotiation of the 2006 Processing Agreement, Plaintiff's records concerning the 2008 Asset Purchase Agreement and Plaintiff's production capacity also support an inference that relevant documents were lost or destroyed, Campbell's Reply Memorandum at 7-11, these aspects of Campbell's motion were resolved at oral argument on May 20, 2010 and by Plaintiff's further production. The court has not been informed otherwise by Campbell. Thus, the court finds inadequate ground to infer spoliation based on these document production issues.

suggesting Plaintiff acted intentionally to destroy relevant documents, including the three emails relied on by Campbell.  *Id.* ¶ 34.

Based on the court's review of Campbell's moving papers, the court finds no attempt by Campbell to explain how the Sokal email, or Brannick's related email confirming her attempt to schedule a telephone call between a representative of Plaintiff and Campbell, are relevant to the merits of Plaintiff's claims or Campbell's defenses. Campbell's motion therefore is based on an interpretation of the *Pension Committee* decision in which the court found that the absence of a written litigation hold notice supported its conclusion that plaintiffs had been grossly negligent in their obligations to preserve relevant electronically stored documents and that plaintiffs' document production failures, coupled with the absence of a timely written litigation hold, permitted the inference that relevant documents were culpably destroyed or lost as a result.  *Pension Committee,* 685 F.Supp.2d at 476 ("the paucity of records produced by some plaintiffs and the admitted failure to preserve some records or search at all for others by plaintiffs leads inexorably to the conclusion that relevant records have been lost or destroyed.").  Campbell's Memorandum at 10-12 (citing *Pension Committee*).  In contrast to the facts in *Pension Committee*, Plaintiff has produced a substantial number of documents and there is no reason to presume that important documents have been lost as a result of Plaintiff's negligence as Campbell alleges.  The three emails relied on by Campbell are a wholly inadequate basis on which to find or presume such loss or destruction by Plaintiff.  Nor will the court find that the failure to issue a written litigation hold justifies even a rebuttable presumption that spoliation has taken place.

In the instant case, Plaintiff concedes that its litigation hold procedure did not

include a written notice from Krol to Plaintiff's internal staff, including its senior managers such as Schlossberg and Sokal, rather, Plaintiff's litigation hold was in the form of a series of oral communications from Krol to these individuals.  Krol Declaration ¶¶ 22-24, 26-27.  However, the requirement of a written litigation hold notice, as stated in the *Pension Committee* case, as a ground to presume or infer loss of relevant documents, has not been adopted in this district.  *See, e.g., Crown Castle USA, Inc.*, 2010 WL 1286366, at *12-13 (holding that plaintiff's failure to institute any form of litigation hold, whether orally or in writing, supported finding that loss of key employees's emails resulted from plaintiff's gross negligence).  Although the court in *Crown Castle*, in reaching this conclusion, referred to *Zubulake v. UBS Warburg, LLC,* 229 F.R.D. 442, 436 (S.D.N.Y. 2004), *id.*, at *13, a case relied on by Judge Scheindlin in *Pension Committee,* in *Crown Castle* the court did not indicate that the form of a litigation hold must be in writing to avoid an inference that relevant documents have been destroyed or that the responsible party acted culpably.

   Campbell points to no Second Circuit caselaw holding that a litigation hold must be in writing to avoid sanctions based on spoliation.  It is established law that in the absence of definitive guidance from the Second Circuit on an issue, "the decisions of district courts, even those located within the same district, are not binding upon other district courts."  *Arculeo v. On-Site Sales & Marketing, LLC*, 321 F.Supp.2d 604, 609 (S.D.N.Y. 2004).  *See also In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 377 (S.D.N.Y. 2000) ("Principles of *stare decisis* do not require this Court to give any deference to decisions of another district judge." (citing 28 JAMES WM. MOORE, et al., MOORE'S FEDERAL PRACTICE § 134.02[1][D] ("A decision of a federal district court judge

is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Thus, this court is not obliged to follow the holding of *Pension Committee* as to its finding of a requirement of a written litigation hold, and approved in *Passlogix, Inc.*, 708 F.Supp.2d at 410 (referring to the "requirement to issue a written litigation hold notice established since the *Zubulake V* decision in July, 2004").[3] Accordingly, the court in this case declines to hold that implementation of a written litigation hold notice is required in order to avoid an inference that relevant evidence has been presumptively destroyed by the party failing to implement such written litigation hold.[4]

Moreover, the relatively small size of Plaintiff, Krol Declaration ¶ 8 (400 employees), lends itself to a direct oral communication of the need to preserve documents relevant to Plaintiff's case. *Id.* ¶ 9. Such considerations have been found persuasive as reasons why a written litigation hold is not essential to avoid potential sanctions for spoliation. *See Orbit One Communications, Inc.*, 271 F.R.D. at 441 (noting that in the context of a request for spoliation sanctions, "in a small enterprise, issuing a written litigation hold may not only be unnecessary, but it could be counter productive . . . [i]ndeed, under some circumstances, a formal litigation hold may not be necessary." (citing caselaw)).

Finally, because copies of the emails cited by Campbell were provided to

---

[3] Campbell also relies on *Scalera*, 262 F.R.D. at 177, for this proposition; however, it is not clear that the court in that case intended to hold that the absence of a written litigation hold was a legal prerequisite to avoidance of a spoliation claim.

[4] Even a rebuttal presumption would require an accused party to prove a negative, a burden the court is unwilling to impose on Plaintiff given the thin factual basis for Campbell's assertion of spoliation against Plaintiff in this case and absent a holding of the Second Circuit to this effect.

Campbell by Country Gourmet, Campbell cannot establish it was prejudiced by Plaintiff's failure to produce even assuming the electronically stored copy of the original in Plaintiff's files was lost as a result of Plaintiff's negligence. *See Pension Committee*, 685 F.Supp.2d at 478 (no prejudice where copies of lost documents in hands of plaintiffs produced from "other sources"). Thus, given that Campbell has failed to establish that Plaintiff destroyed any relevant evidence even in the absence of a written litigation hold, Campbell's request for sanctions based on spoliation is unwarranted.[5]

Nor will the court grant Campbell's alternative request to conduct discovery directed to Plaintiff's document preservation actions in this case. Campbell's Supplemental Brief at 12. Given the lack of colorable factual basis for Campbell's spoliation motion, such request amounts to one seeking to initiate a 'fishing expedition' based on mere speculation. As relevant, Plaintiff represents that it produced to Campbell on May 10, 2010, a copy of the June 24, 2008 email from Schlossberg to Ozimek which was, according to Plaintiff, inadvertently excluded from Plaintiff's responses to Campbell's prior document requests, Balon Declaration (Doc. No. 161) ¶¶ 38, 48, an assertion Campbell does not dispute. Thus, Plaintiff's initial failure to produce this email is not evidence of spoliation as alleged by Campbell. However, the May 28, 2008 email from Sokal to McGrath advising McGrath that Schlossberg desired to participate in a scheduled telephone conference call to address whether Plaintiff

---

[5] Based on the court's finding that Plaintiff was not required to implement a written litigation hold notice, and Campbell's failure to substantiate that Plaintiff destroyed relevant documents, it is unnecessary to address Campbell's assertion that Krol failed to implement any form of preservation or litigation hold procedures predicated on the deposition testimony of Al Tokar, Plaintiff's Vice-President for Quality Assurance ("Tokar"), one of several managers with whom Krol claims to have discussed the matter, who was unable to recall such conversation. Supplemental Memorandum in Support of Campbell Soup Company's Motion for Sanctions Based on Steuben's Spoliation of Document (Doc. No. 188) at 1-3.

would consent to Campbell's purchase of Country Gourmet's business assets and operations by modified terms of the Processing Agreement was, apparently, not produced by Plaintiff.  Balon Declaration (Doc. No. 182) ¶ 31 (impliedly conceding Plaintiff failed to produce a copy as of June 11, 2010 by noting that the unproduced email constituted only one of 12,000 pages of documents produced by Plaintiff to Campbell).  Neither, apparently, were the June 17, 2008 interrelated emails between Sokal and Brannick produced by Plaintiff.  Significantly, assuming Plaintiff's obligation to institute a litigation hold accrued on May 30, 2008, as Campbell contends, Campbell's Reply Memorandum at 4, the Schlossberg June 24, 2008 email was produced by Plaintiff, albeit belatedly, thus defeating Campbell's theory that relevant documents were lost by Plaintiff because of Plaintiff's failure to implement a written litigation hold and a more extensive document preservation program prior to the one commenced by Krol in July 2008.  Regarding the Sokal May 28, 2008 missing email, Plaintiff points out that Campbell was well aware of Plaintiff's non-production at the time of Sokal's deposition on January 12, 2010, having received a copy from Country Gourmet seven months earlier yet failed to inquire of Sokal at the deposition why the email was not produced or to seek information regarding Sokal's document preservation practices during the relevant period.  Balon Declaration Doc. No. 182 at 15, n. 6.

    Moreover, Campbell questioned both Schlossberg and Sokal at their January 2010 depositions regarding their respective document preservation practices in this case, Balon Declaration (Doc. No. 167) Exh. H at 5-10; Exh. I at 5-11.  Campbell has also conducted a deposition of Tokar on August 23, 2010, Balon Declaration (Doc. No.

190) ¶ 5, which covered this subject, Campbell's Supplemental Memorandum (Doc. No. 188) at 2–4 (indicating Tokar never received Krol's oral litigation hold and document preservation instructions), and Plaintiff's Rule 30(b)(6) deposition of Sokal on August 24, 2010, Balon Declaration ¶ 6, at which Campbell presumably had ample opportunity to further develop these issues.  Thus, there is no basis to permit additional discovery on Campbell's spoliation contentions as Campbell now requests.  *Compare Residential Funding Corporation*, 306 F.2d at 112-13 (directing targeted discovery on whether plaintiff was guilty of sanctionable misconduct based on "purposeful sluggishness" in providing relevant discovery to defendant).

## CONCLUSION

Based on the foregoing, Campbell's motion seeking sanctions is DENIED.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 21, 2011
        Buffalo, New York