UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| STEUBEN FOODS, INC., | **DECISION** |
| Plaintiff, | **and** |
| v. | **ORDER** |
| COUNTRY GOURMET FOODS, LLC, | 08-CV-561S(F) |
| CAMPBELL SOUP COMPANY, | |
| Defendants. | |

_____

APPEARANCES:   HISCOCK & BARCLAY, LLP
Attorneys for the Plaintiff
FRANK V. BALON, and
BRIAN G. MANKA, of Counsel
1100 M&T Center
Three Fountain Plaza
Buffalo, New York   14203

BUCHANAN INGERSOLL & ROONEY, PC
Attorneys for Defendant Country Gourmet Foods, LLC
PETER S. RUSS, of Counsel
301 Grant Street
One Oxford Centre - 20th Floor
Pittsburgh, Pennsylvania   15219

GOODWIN PROCTOR, LLP
Attorneys for Defendant Campbell Soup Company
FORREST HAINLINE, III, and
SUSANNE N. GERAGHTY, of Counsel
Three Embarcadero Center
San Francisco, California   64111

GOODWIN PROCTOR, LLP
Attorneys for Defendant Campbell Soup Company
JORDAN D. WEISS, of Counsel
620 Eighth Avenue
New York, New York   10018

PHILLIPS LYTLE, LLP
Attorneys for Defendant Campbell Soup Company
PAUL F. JONES, of Counsel
3400 HSBC Center
Buffalo, New York   14203

This case was referred to the undersigned for all pretrial matters by Hon. William M. Skretny on September 18, 2008 (Doc. No. 17).  The matter is presently before the court on Plaintiff's motion for sanctions against Defendant Campbell Soup Company ("Campbell") filed September 30, 2010 (Doc. No. 196) ("Plaintiff's motion").

Plaintiff's motion focuses on two primary alleged violations by Campbell of its discovery obligations.  First, Plaintiff asserts that Campbell failed to produce documents relevant to Plaintiff's discovery requests in a timely manner, particularly because over 5,000 documents were produced to Plaintiff by Campbell in July 2010.  Declaration of Brian G. Manka, Esq. (Doc. No. 196) ¶ 11.  In opposition, Campbell points to the fact that such production was responsive to Plaintiff's Second Production of Documents Requests, Manka Declaration, Letter to Frank V. Balon, Esq. from Susanne N. Geraghty, Esq. dated July 12, 2010, Exh. C at 1, and also constituted supplemental production required under Fed.R.Civ.P. 26(e).  Campbell Soup Company's Opposition to Steuben Foods, Inc.'s Motion for Sanctions filed November 5, 2010 (Doc. No. 214) at 9.  Additionally, Plaintiff fails to point to any specific prejudice resulting from such allegedly belated production.  Accordingly, the court declines to find any justification for sanctions against Campbell based on this prong of Plaintiff's motion.

Plaintiff alternatively seeks sanctions for spoliation of evidence based on Campbell's admission that seven of 26 emails between Campbell and Defendant Country Gourmet ("Country Gourmet") have been lost as a result of Campbell's inadequate litigation hold and document preservation practices required to be implemented by Campbell prior to the creation of such missing emails.  The 26 emails

2

upon which Plaintiff predicates its motion are described in the Supplemental Declaration of Brian G. Manka, Esq. (Doc. No. 185) ("Manka Supplemental Declaration") ¶ 4. Copies of the extant 19 emails eventually produced to Plaintiff by Campbell are attached as Exhibit A to the Manka Supplemental Declaration. The produced emails include, *inter alia*, an initial letter confirming a potential interest between Campbell and Country Gourmet for an asset purchase arrangement between Campbell and Country Gourmet under which Campbell would acquire Country Gourmet's assets, including the Processing Agreement between Country Gourmet and Plaintiff at issue in this case. Also included is an email between Country Gourmet and Campbell regarding Country Gourmet's Processing Agreement with Plaintiff. The balance of the emails appear to be a series of communications between Michael Flinn ("Flinn") an attorney for Country Gourmet and Hyung Bak ("Bak"), an in-house Campbell attorney, relating to drafting points and the expected consummation of the negotiated asset purchase contract with attached drafts of the asset purchase agreement and schedules.

According to Plaintiff, the seven missing emails include an email from Jim Caltabiano of Campbell to McGrath dated June 20, 2008, Manka Declaration Exh. E at 1, and a June 23, 2008 email from Caltabiano to James Kilmer of Country Gourmet, *id.*, and emails between Flinn and Bak during the period between May 29 and June 9, 2008. The emails communications between Flinn and Bak between May 13, 2008 and June 9, 2008, relate to numerous technical and business details regarding the negotiation of the proposed asset purchase agreement between Country Gourmet and Campbell. Exh. A to Manka Supplemental Declaration, CGFO 002265–CGF 0001911.

Copies of each of seven emails not produced by Campbell were produced to Plaintiff by Country Gourmet. Manka Declaration Exh. E at 1-2. The June 20, 2008 email acknowledges an email from McGrath regarding the production relationship between Plaintiff and Country Gourmet; the June 23, 2008 email acknowledges Kilmer's email regarding Country Gourmet's inventory. The remaining five emails are between Flinn and Bak concerning drafting issues. For example, as of June 10, 2008, the Processing Agreement between Country Gourmet and Plaintiff continued to be included as a scheduled Country Gourmet asset to be acquired by Campbell, Manka Supplemental Exh. A, CGF0002141, CGF0002143, consistent with Plaintiff's allegations, Complaint ¶¶ 63-72, that Campbell decided not to acquire the Processing Agreement only after Plaintiff refused to acquiesce to Campbell's demand for modification of the Processing Agreement. Accordingly, the court is unable to find that the seven emails lost to Campbell provide relevant information not otherwise available to Plaintiff from the produced emails by Country Gourmet. As such, Plaintiff has failed to establish that as a result of Campbell's failure to produce the seven emails, relied on by Plaintiff for this motion, Plaintiff has been prejudiced in being deprived of evidence probative of their claim or damaging to Campbell's (or Country Gourmet's) defenses sufficient to warrant sanctions based on the loss of the seven emails in the hands of Campbell.

It is established that to support a spoliation motion, the moving party must demonstrate that the alleged spoliating party destroyed evidence with a culpable state of mind and that the destroyed evidence was relevant to the party's claim or defense. *See Piccone v. Town of Webster*, 2010 WL 3516581, at *5 (W.D.N.Y. Sep't. 3, 2010) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir.

2002) (citing *Byrnie v. Town of Cromwell, Bd. of Education,* 243 F.3d 93, 107-12 (2d Cir. 2001))).  *See also Orbit One Communications, Inc. v. Numerex Corp.,* 271 F.R.D. 429, 441 (S.D.N.Y. 2010) (imposition of sanctions only available if some discovery – relevant evidence has been destroyed).  Prejudice to a party may arise where the lost evidence would enable a reasonable jury to find the evidence supports the party's position.  *One Orbit Communications, Inc.*, 271 F.R.D. at 439-40 (citing cases).  However, where the innocent party receives copies of the missing documents alleged lost through a party's negligence, no prejudice exists sufficient to impose sanctions.  *See Pension Committee of the University of Montreal Pension Plan v. Bank of America Securities, LLC,* 685 F.Supp.2d 456, 466 (S.D.N.Y. 2010) (no prejudice to warrant spoliation sanction where moving party received copies of lost or destroyed documents from "other sources").

     Based on its review of the seven emails produced to Plaintiff by Country Gourmet, the court finds none provides evidence probative of Plaintiff's claims.  Thus, given Plaintiff's failure to demonstrate that the missing emails constitute information probative of its claims resulting in prejudice to the Plaintiff, a finding that Campbell is guilty of sanctionable spoliation with regard to the seven emails not produced by Campbell is not warranted on this record.  Moreover, because Plaintiff has received copies of the disputed emails no prejudice to Plaintiff accrues for that reason.  It is therefore unnecessary to determine whether Campbell's admitted loss of the seven emails occurred with the required degree of culpability on Campbell's part.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 196) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 21, 2011
      Buffalo, New York