UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,                                     **DECISION**
                   Plaintiff,                                      **and**
     v.                                                                           **ORDER**

COUNTRY GOURMET FOODS, LLC,                  08-CV-561S(F)
CAMPBELL SOUP COMPANY,
                   Defendants.
_____

APPEARANCES:           HISCOCK & BARCLAY, LLP
                              Attorneys for the Plaintiff
                              BRIAN G. MANKA, of Counsel
                              1100 M&T Center
                              Three Fountain Plaza
                              Buffalo, New York   14203

                              BUCHANAN INGERSOLL & ROONEY, PC
                              Attorneys for Defendant Country Gourmet Foods, LLC
                              PETER S. RUSS, of Counsel
                              301 Grant Street
                              One Oxford Centre - 20th Floor
                              Pittsburgh, Pennsylvania   15219

                              GOODWIN PROCTOR, LLP
                              Attorneys for Defendant Campbell Soup Company
                              FORREST A. HAINLINE, III, and
                              SUSANNE N. GERAGHTY, of Counsel
                              Three Embarcadero Center
                              San Francisco, California   64111

                              GOODWIN PROCTOR, LLP
                              Attorneys for Defendant Campbell Soup Company
                              JORDAN D. WEISS, of Counsel
                              620 Eighth Avenue
                              New York, New York   10018

                              PHILLIPS LYTLE, LLP
                              Attorneys for Defendant Campbell Soup Company
                              PAUL F. JONES, of Counsel
                              3400 HSBC Center
                              Buffalo, New York   14203

This case was referred to the undersigned for all pretrial matters by Hon. William M. Skretny on September 18, 2008 (Doc. No. 17).  The matter is presently before the court on the court's order of November 19, 2010 (Doc. No. 222) directing Plaintiff to show cause why the expenses of Defendant Campbell Soup Company's ("Campbell") motion to strike Plaintiff's objections to Campbell's Second Set of Interrogatories, served July 22, 2010 to compel Plaintiff's answers to the interrogatories and for sanctions filed October 15, 2010 (Doc. No. 203) should not awarded against Plaintiff or its counsel pursuant to Fed.R.Civ.P. 37(a)(5)(A) ("the Order to Show Cause").

Based on the court's careful review of Campbell's papers in opposition to Plaintiff's belated response to the court's order to show cause, the court finds that upon the facts, arguments and authorities discussed therein, Plaintiff has failed to show cause why the award for expenses and costs in connection with Campbell's motion should not be granted including the costs and associated expenses of Campbell's local counsel, in the total amount of $13,759.90 ($10,263.40 for expenses and fees incurred by Campbell's counsel, Goodwin Proctor, LLP and $3,496.50 for fees and costs incurred by Campbell's local counsel, Phillips Lytle, LLP).  *See Koan Produce, Inc. v. DiMare Homestead, Inc.*, 329 F.3d 123, 130-31 (2d Cir. 2003) (affirming district court's awarding out-of-state party attorneys fees for both out-of-state and local counsel).  It is, of course, reasonable to expect that local counsel be sufficiently prepared to substitute for any inability by lead counsel to participate in a scheduled proceeding because of, for example, unforeseen travel interruptions, and thus avoid unnecessary delays in conducting a scheduled oral argument and prompt judicial action in resolving an important pretrial issue as in the instant matter.  Such important 'back-up' function in

order to avoid rescheduling a matter is an obvious rationale for Local Rule 83.2(a)(1) (requiring designation of local counsel where lead counsel appears *pro hac vice*). Neither Campbell nor Phillips Lytle, its local counsel, could have anticipated that the court would resolve the motion on the papers thereby avoiding unnecessary travel by lead counsel and expense to the parties.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 21, 2011
      Buffalo, New York